**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROCKY BIXBY; LAWRENCE ROBERTA; RONALD BJERKLUND; CHARLES ELLIS; MATTHEW HADLEY; COLT CAMPREDON; VITO PACHECO; BRIAN HEDIN; CHARLES SEAMON; AARON ST. CLAIR; BYRON GREER; JASON ARNOLD,<br><br>          Plaintiffs - Appellees,<br><br>    v.<br><br>KBR, INC.; KELLOGG, BROWN & ROOT SERVICE, INC.,<br><br>          Defendants - Appellants. | No. 13-35513<br><br>D.C. No. 3:09-cv-00632-PK<br><br>MEMORANDUM[*] |

| | |
|---|---|
| ROCKY BIXBY; LAWRENCE ROBERTA; RONALD BJERKLUND; CHARLES ELLIS; MATTHEW HADLEY; COLT CAMPREDON; VITO PACHECO; BRIAN HEDIN; CHARLES SEAMON; AARON ST. CLAIR; BYRON GREER; JASON ARNOLD,<br><br>          Plaintiffs - Appellants, | No. 13-35518<br><br>D.C. No. 3:09-cv-00632-PK |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

KBR, INC.; KELLOGG, BROWN &
ROOT SERVICE, INC.,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding

Argued and Submitted May 4, 2015
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges, and WALTER,[**] Senior
District Judge.

Several dozen members of the Oregon National Guard brought suit against
military contractor KBR, Inc., and its subsidiaries, alleging fraud and negligence
arising out of the operation of a water treatment plant at Qarmat Ali, in Iraq.
Because the parties are familiar with the facts, we set them out only briefly in this
disposition. After a bellwether trial, a jury unanimously found that the defendants
had not committed fraud, but had been negligent, and awarded over $80 million in
damages. The defendants appeal the verdict and the damages award, and the

---

[**] The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for the Western District of Louisiana, sitting by designation.

plaintiffs cross-appeal. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

We address only one issue on appeal: whether the defendants are subject to personal jurisdiction in Oregon in light of *Walden v. Fiore*, 134 S. Ct. 1115 (2014). We conclude that they are not. The district court found the exercise of specific jurisdiction over defendants appropriate under *Calder v. Jones*, 465 U.S. 783 (1984). Under *Calder*, we have held, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (internal quotation marks omitted). The district court reasoned that the defendants had "expressly aimed" their conduct at Oregon because they "knew the persons to whom they intentionally directed their misrepresentations and failures to disclose were soldiers of the Oregon National Guard." *Walden*, which was decided while this case was pending on appeal, makes clear that the personal jurisdiction analysis "looks to the defendant's contacts with the forum State itself, *not the defendant's contacts with persons who reside there*." 134 S. Ct. at 1122 (emphasis added). After *Walden*, it is clear that "the plaintiff cannot be the only link between the defendant and the forum." *Id.* Because the

district court expressly found that the plaintiffs are the only link between KBR and Oregon, we hold that the defendants are not subject to personal jurisdiction in Oregon for their actions in Iraq.

We vacate the judgment and remand for proceedings consistent with this disposition. We note that defendants' counsel stated at oral argument that the statute of limitations would continue to run only up to the date of filing the action now before us, whether the case is dismissed and then re-filed in an appropriate forum, or is transferred to an appropriate forum under 28 U.S.C. § 1406. Under that assumption, we take no position on the appropriate remedy on remand.

**REVERSED and REMANDED.** The defendants' motion for summary reversal is DENIED as moot.